IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GERALDO IGLESIAS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19 C 6508 |
| | ) | |
| REYNALDO GUEVARA, ERNEST | ) | Hon. Virginia M. Kendall. |
| HALVORSEN, STEVE GAWRYS, | ) | District Judge |
| ANTHONY RICCIO, ROBERT BIEBEL, | ) | |
| and the CITY OF CHICAGO, | ) | Hon. Maria Valdez, |
| | ) | Magistrate Judge |
| Defendants. | ) | |

## PLAINTIFF'S MOTION TO SUBSTITUTE A SPECIAL REPRESENTATIVE FOR DECEASED DEFENDANT ERNEST HALVORSEN

Plaintiff Geraldo Iglesias, by and through his attorneys, respectfully moves this Court under Federal Rule of Civil Procedure 25 to substitute a special representative to defend this action on behalf of deceased Defendant Ernest Halvorsen, stating as follows:

1. Plaintiff Geraldo Iglesias filed this lawsuit on October 1, 2019, Dkt. 1 (Complaint), naming Ernest Halvorsen as a Defendant.

2. Plaintiff's Complaint alleges that he was wrongfully convicted in 1993 of the murder of Monica Roman. Dkt. 1 (Complaint). Plaintiff further alleges that various Chicago Police Department employees—including Defendant Halvorsen—framed Plaintiff for a crime that he did not commit, causing him to be wrongfully incarcerated for 16 years. *Id.*

3. Plaintiff requested to waive service of a summons on Defendant Halvorsen on October 8, 2019. Dkt. 25.

4. On January 27, 2020, counsel for Defendant Halvorsen filed a suggestion of death for Defendant Halvorsen. Dkt. 44.

5.      Under Federal Rule of Civil Procedure 25, this Court has the authority to substitute a proper party for Mr. Halvorsen. FED. R. CIV. P. 25(a)(1); *Atkins v. City of Chicago*, 547 F.3d 869, 870 (7th Cir. 2008). The Court can substitute the administrator of Mr. Halvorsen's estate, if one is opened. If no estate is opened, this Court can appoint and substitute a special representative.

6.      Counsel for Defendant Halvorsen has informed Plaintiff's counsel that no estate has been opened for Defendant Halvorsen.

7.      Since no estate has been opened for Mr. Halvorsen, Plaintiff requests that this Court appoint and substitute a special representative to defend the lawsuit on Mr. Halvorsen's behalf.

8.      This Court has the authority to appoint and substitute a special representative to defend the lawsuit consistent with Illinois law. *Stewart v. Special Administrator of the Estate of Mesrobian*, 559 Fed. App'x 543, 548 (7th Cir. 2014) (recognizing this power); *Anderson v. Romero*, 42 F.3d 1121, 1124-35 (7th Cir. 1994) (appointing attorneys as special administrators after death of a plaintiff); *see also Ward v. Edgeton*, 59 F.3d 652, 653 (7th Cir. 1995) ("42 U.S.C. § 1988 authorizes us to borrow provisions of state law where necessary to provide a complete remedy in a suit under 42 U.S.C. § 1983.").

9.      Illinois provides for the appointment of a special representative for purposes of defending an action, like the one here, that survives a defendant's death. 735 ILCS 5/2-1008(b)(2); *see also* 735 ILCS 5/13-209; *Relf v. Shatayeva*, 998 N.E.2d 18 (Ill. 2013) (discussing the procedure for appointing a special representative).

10.     The constitutional and state-law claims alleged by Plaintiff survive the death of Defendant Halvorsen. *E.g., Hicks v. Young*, 2012 WL 1755735, at *1-2 (N.D. Ill. May 15, 2012).

Courts in this district have appointed special representatives in these circumstances. *See DeLeon-Reyes v. Guevara*, 2019 WL 1200348 (N.D. Ill. March 14, 2019) (appointing special representatives for deceased defendants in wrongful conviction case); *Savory v. Cannon*, No. 17 Civ. 204, Dkt. 41 (N.D. Ill. Mar. 9, 2017) (appointing city clerk as special representative for deceased defendants in wrongful conviction case); *Starks v. Waukegan, et al.*, No. 09 Civ. 348 (N.D. Ill. Jan. 15, 2014), Dkt. 208 (Order Appointing Special Administrator); *Rivera v. Lake County, et al,* 974 F. Supp. 2d 1179, 1199 (N.D. Ill. 2013) (appointing city clerk as special representative for deceased defendants); *Tamburo v. Dworkin*, 2012 WL 10454, at *3-4 (N.D. Ill. 2012) (discussing appointment of special representative under Illinois law); *see also Nevest Coleman v. City of Chicago, et al.*, 1:18 Civ. 998 (N.D. Ill. July 18, 2018), Dkt. 64; *Vaughn v. Griffin*, No. 2:15 Civ. 2047 (C.D. Ill. Sept. 19, 2017), Order on Dkt. 213; *Ross v. Gossett*, No. 15 Civ. 309 (S.D. Ill. July 20, 2017), Dkt. 368 (appointing special representative for deceased defendants).

11. Thus, this Court can appoint and substitute a special representative to defend this lawsuit on Mr. Halvorsen's behalf.

12. Defendants have identified that JoAnn Halvorsen is willing to act as Special Representative.

13. Accordingly, Plaintiff respectfully requests that this Court appoint JoAnn Halvorsen as Special Representative and substitute her as a defendant in this case.

14. Plaintiff will not seek punitive damages from Mr. Halvorsen's estate.

15. Should the Court grant Plaintiff's motion, Plaintiff will promptly comply with all Illinois law requirements governing the substitution of a special representative as defendant and

will act "with reasonable diligence to serve process upon the personal representative." 735 ILCS/ 5/13-209(c)(1)&(2).

WHEREFORE, Plaintiff respectfully requests that the Court enter an order appointing JoAnn Halvorsen as Special Representative for the purpose of defending Plaintiff's claims against Defendant Halvorsen and substituting her as a defendant.

Dated: March 23, 2020

                                             Respectfully submitted,

                                             **GERALDO IGLESIAS**

                              BY:    /s/ Rachel Brady
                                               *One of Plaintiff's Attorneys*

Jon Loevy
Anand Swaminathan
Steve Art
Rachel Brady
Sean Starr
John Hazinski
LOEVY & LOEVY
311 N. Aberdeen St.
(312) 243-5900
brady@loevy.com

## **CERTIFICATE OF SERVICE**

      I, Rachel Brady, an attorney, certify that on March 23, 2020, I filed the foregoing motion using the Court's CM/ECF system, which effected service on all counsel of record.

      /s/ Rachel Brady
      *One of Plaintiff's Attorneys*