IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GERALDO IGLESIAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 19 C 6508 |
| REYNALDO GUEVARA; JOANN HALVORSEN as SPECIAL REPRESENTATIVE for ERNEST HALVORSEN; STEVE GAWRYS; ANTHONY RICCIO; ROBERT BIEBEL; and the CITY OF CHICAGO, | ) ) ) ) ) ) ) ) | Magistrate Judge Maria Valdez |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

Defendant City of Chicago's Motion to Bifurcate Plaintiff's *Monell* Claims and to Stay *Monell* Discovery [Doc. No. 80] was referred to this Court for disposition. For the reasons that follow, the motion is denied.

## BACKGROUND

Plaintiff's complaint, brought under 42 U.S.C. § 1983, alleges that he was wrongfully convicted of murder because the individual defendants concocted false evidence, including false witness identifications and testimony from a jailhouse informant, and suppressed potentially exculpatory evidence. He alleges violation of due process, unlawful detention, failure to intervene, and conspiracy to deprive constitutional rights, as well as state law malicious prosecution, intentional infliction of emotional distress, willful and wanton conduct, and conspiracy claims

against the individual defendants; and a policy and practice (*Monell*) claim, and state law *respondeat superior* and indemnification claims against the City of Chicago.

## **DISCUSSION**

Defendants move to bifurcate Plaintiff's claims against the City and to stay discovery and trial on those claims. Pursuant to Federal Rule of Civil Procedure 42(b), "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b); *see Houseman v. U.S. Aviation Underwriters*, 171 F.3d 1117, 1121 (7th Cir. 1999) ("Only one of these criteria—avoidance of prejudice or judicial economy—need be met before a court can order separation."); *see also Krocka v. City of Chi.*, 203 F.3d 507, 516 (7th Cir. 2000) ("The district court has considerable discretion to order the bifurcation of a trial.").

After concluding that bifurcation is appropriate under Rule 42, a court must then determine whether it would unfairly prejudice the non-moving party or would violate the Seventh Amendment. *Houseman*, 171 F.3d at 1121 ("The ultimate decision to bifurcate under Rule 42(b) is at the court's discretion and will be overturned only upon a clear showing of abuse."); *see Allison v. Gallagher*, No. 10 C 6887, 2012 WL 4760863, at *1 (N.D. Ill. Oct. 5, 2012) (explaining that the numerous decisions in this district dealing with the issue "'reflect[ ] a case-specific assessment of the advantages and disadvantages of bifurcation'") (citation omitted).

Defendants argue that bifurcation will promote efficiency and judicial economy because the City's liability is entirely dependent on the liability of the individual officers; and Plaintiff will be entitled to no more damages if he succeeds on his *Monell* claim if he prevails against the officers. They further contend that bifurcation will avoid prejudice to Defendants from the introduction of *Monell* evidence at trial and the undue burden of production.

In support of their claim that allowing *Monell* discovery to proceed places an undue burden of production on them, Defendants point to the breadth of policies at issue and the significant volume of material responsive to Plaintiff's discovery requests. First, to the extent that Plaintiff's *Monell* requests are objectionable due to their overbroad subject matter or temporal scope, Defendants have many remedies available to them under the Federal Rules other than bifurcating *Monell* discovery altogether.

Second, Plaintiff asserts that numerous other cases involving many of the same defendants and claims are ongoing, and "[d]iscovery from those other cases can be used in this one, and vice versa, virtually eliminating any burden on the City." (Pl.'s Resp. at 7.) Defendants dispute this characterization, stating that Plaintiff has not promised that production of previously produced *Monell* discovery would be sufficient. The Court assumes, however, that Plaintiff understands the effect of his representation and expects that he will limit the scope of his requests accordingly.

It is premature to consider whether Defendants would be unfairly prejudiced if evidence supporting Plaintiff's *Monell* claim is introduced at trial, because the nature and scope of admissible evidence is not yet known. Defendants may again raise bifurcation with the trial judge at the appropriate time.

## **CONCLUSION**

For the foregoing reasons, Defendant City of Chicago's Motion to Bifurcate Plaintiff's *Monell* Claims and to Stay *Monell* Discovery [Doc. No. 80] is denied.

**SO ORDERED.**  **ENTERED:**

**DATE:  June 14, 2021**

**HON. MARIA VALDEZ**
**United States Magistrate Judge**