IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **GERALDO IGLESIAS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | No. 19 C 6508 |
| v. | ) | |
| | ) | |
| **REYNALDO GUEVARA; JOANN** | ) | Magistrate Judge |
| **HALVORSEN; STEVE GAWRYS;** | ) | Maria Valdez |
| **ANTHONY RICCIO; ROBERT** | ) | |
| **BIEBEL; and the CITY OF** | ) | |
| **CHICAGO,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ORDER

This matter is before the Court on Defendant Officers' Motion to Compel Plaintiff to Answer Interrogatories [Doc. No. 161]. For the reasons that follow, the motion is granted.

## BACKGROUND

Defendants' motion seeks to compel more complete responses to three of its interrogatories. Interrogatory No. 6 relates to Plaintiff's allegation in Count I that the individual defendants manufactured and solicited false evidence and asks him to "state with particularity what testimony the Defendant Officer falsified during the investigation of, or during any of the underlying criminal proceedings." (Defs.' Mot., Ex. A at 12-13.) Interrogatory No. 8 involves Count I's allegation that the individual officers fabricated police reports and asks Plaintiff to "identify which reports you allege were fabricated and identify the information you allege was

fabricated." (*Id.* at 14.) Interrogatory No. 10 asks if Plaintiff is "aware of any documents that were not produced or tendered to prosecutors or defense counsel during any of the underlying criminal proceedings" and if so, requests that he "identify and state with particularity the documents you claim were not so produced or tendered, including but not limited to, their date, author recipient, and subject matter, and if you have possession of the document, produce a copy pursuant to Fed.R.C.P.34, or identify it by Bates number if previously produced." (*Id.* at 15.)

In response to each of these interrogatories, Plaintiff primarily referred Defendants to his six-page narrative answer to Interrogatory No. 3, which asked Plaintiff to state with particularity the exculpatory evidence the individual defendants allegedly withheld from prosecutors and/or defense counsel. Plaintiff's response generally restates the allegations in the complaint, namely that the individual defendants solicited false testimony from informant, manipulated eyewitness identifications, or ratified the misconduct of others. Plaintiff argues that at summary judgment and trial, "[h]e will rely on the narrative and evidence he has provided in response" to Interrogatory No. 3, along with expert opinions, to show that the individual defendants framed him for the underlying crime. (Pl.'s Resp. at 5.)

The parties have exchanged deficiency letters and amended responses, including amendments made after Defendants' document production, but they reached an impasse as to the sufficiency of these interrogatory responses, and the present motion followed.

2

## **DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 33, interrogatories must "be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Defendants contend that Plaintiff's narrative response does not fully answer their interrogatories, which seek specific evidence supporting Plaintiff's claims.

Plaintiff appears to admit that his responses are not complete, by asserting that his narrative "is supported by evidence adduced thus far in discovery," and stating that his responses are sufficient for now, before he has the benefit a complete evidentiary record. (Pl.'s Resp. at 5, 7.) He plans to supplement his answer as additional deposition testimony is received from, *e.g.,* the prosecutors in the underlying murder trial and a witness whose identification was allegedly fabricated. (*Id.* at 5.) Plaintiff acknowledges that he has the criminal file from the underlying case but complains that it contains little information about what evidence existed at the time of the trial. He argues that he "has every reason to expect that documents in this case were withheld from the prosecution." (*Id.* at 8.)

Plaintiff may be correct that supplementation could be expected after oral discovery is complete, but that does not release him from his duty to respond now with actual facts adduced thus far, not merely a narrative theory. For example, Plaintiff claims his narrative response points to "specific falsified testimony" from defendants Guevara and Vicente regarding Plaintiff's allegedly false confession, but the narrative only describes their testimony broadly, not specifically. The rest of the

3

narrative is also essentially a summary of his claims, theories, and allegations; it even cites directly to the complaint's paragraphs 1-7 and 21-87.

It is well settled that "mere allegations of a complaint are not evidence" and thus are insufficient in response to an interrogatory seeking the factual basis of those allegations. *Tibbs v. City of Chi.*, 469 F.3d 661, 663 n.2 (7th Cir. 2006); *see Nisenbaum v. Milwaukee County*, 333 F.3d 804, 810 (7th Cir. 2003) ("When defendants persisted, [the plaintiff] 'supplemented' this answer by reprinting, verbatim, the factual averments of his complaint. Allegations in a complaint are not evidence."); *see also Litsinger v. Forest River, Inc.*, 536 F. Supp. 3d 334, 353 (N.D. Ind. 2021) ("Merely regurgitating the generic allegations of the complaint in response to an interrogatory that kindly asks for the factual basis for any deceptive act or misrepresentation wouldn't be sufficient."); *Molinari v. Fin. Asset Mgmt. Sys., Inc.*, No. 18 C 1526, 2020 WL 4345418, at *8 (N.D. Ill. July 29, 2020) ("And while one response to these interrogatories directed [the defendant] to two paragraphs in the complaint, these allegations are not evidence either."); *Rowe v. Finnan*, No. 1:11-CV-00524-JMS, 2013 WL 3188731, at *2 (S.D. Ind. June 21, 2013) ("It is generally not appropriate to respond to an interrogatory by reference to a complaint or verified complaint.").

With respect to Interrogatory No. 8's request to identify falsified police reports, Plaintiff's response is wholly deficient. Plaintiff argues that he should not be required to identify specific reports because, since he is innocent of the underlying crime, "there has never been any legitimate evidence against him," and

4

"[t]herefore any document that contains inculpatory information is fabricated." (Pl.'s Resp. at 10.) Plaintiff's astonishing assertion essentially asks for the trial court to take judicial notice that all of the evidence in the criminal trial was false and to absolve him of any evidentiary burden.

Plaintiff further argues that merely pointing to the police reports is proper under Rule 33, which allows a party to answer an interrogatory by specifying business records to be reviewed. Fed. R. Civ. P. 33(d). The rule, however, only applies "if the burden of deriving or ascertaining the answer will be substantially the same for either party," and the responding party must specify the records "in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Fed. R. Civ. P. 33(d)(1). According to Plaintiff, Defendants are equally able to extract the fabricated information from the documents because they know which documents they falsified. Similarly, Plaintiff argues that he need not provide detailed interrogatory responses because "Defendants themselves are aware of what information they fabricated and suppressed. It is Plaintiff's burden to uncover it. Plaintiff has provided Defendants with the narrative he intends to present. Defendants are as capable as Plaintiff at drawing inferences from that narrative and developing a litigation strategy to address it." (Pl.'s Resp. at 11.) Plaintiff has offered no support for this argument, which presupposes Defendants' liability and also flips the evidentiary burdens.

If Plaintiff lacks specific evidence, he may say so. If the evidence is primarily circumstantial, as he asserts in his response brief, he may list it. What he may not

5

do, however, is answer requests for specific evidence supporting specific claims by generally describing the complaint's allegations or his theory of liability in broad strokes.

## **CONCLUSION**

For the foregoing reasons, Defendant Officers' Motion to Compel Plaintiff to Answer Interrogatories [Doc. No. 161] is granted.

**SO ORDERED.**            **ENTERED:**

*Maria Valdez*

**DATE:    January 3, 2022**           _____
                                                       **HON. MARIA VALDEZ**
                                                       **United States Magistrate Judge**