IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GERALDO IGLESIAS, | ) | |
| | ) | No. 19 C 6508 |
| *Plaintiff*, | ) | |
| | ) | Hon. |
| *v.* | ) | |
| | ) | |
| REYNALDO GUEVARA, *et al.*, | ) | |
| | ) | JURY TRIAL DEMANDED |
| *Defendants*. | ) | |

**PLAINTIFF GERALDO IGLESIAS'S OMNIBUS MOTION
FOR LEAVE TO FILE EXCESS PAGES**

1. Defendants have filed three summary judgment motions, totaling 127 pages, Dkts. 247, 253, 264, two statements of fact totaling 112 pages and 446 paragraphs, Dkts. 249, 254, and three *Daubert* motions totaling 104 pages, Dkts. 250 (Finnell), 251 (Steblay), 252 (Tiderington), for a grand total of 216 pages of briefing.

2. Plaintiff opposed such voluminous filings because this is not a case amenable to resolution at summary judgment, and so to require the Court and Plaintiff to wade through hundreds of pages of briefing represents a considerable waste of time and resources. Dkt. 242. The Court granted Defendants' motion for leave to file. Dkt. 246.

3. Iglesias has prepared his responses to all of the above filings. In addition to the sheer volume of filings, Iglesias's job of responding in full to many dozens of paragraph-long arguments in hundreds of pages of briefing necessarily requires more detail in response than is included in Defendants' motions. This is particularly so because Defendant Guevara, who is differently situated than other Defendants, has filed a bare bones motion to join the motions of other Defendants, requiring a Guevara-specific

response to arguments that he himself doesn't even make. Similarly, in many instances, Defendants pluck a single piece of evidence from the massive factual record to support a particular legal argument; the response to that argument requires providing a more fulsome recitation of the factual record on the issue, and applying that context to Defendants' arguments.

4. Accordingly, while he has been as concise as possible, responding to each of Defendants' arguments, and preserving factual and legal arguments, has required lengthy briefs.

5. Iglesias's single, consolidated response in opposition to Defendants' three motions for summary judgment is 188 pages, and his statement of facts in support is 164 pages and 550 paragraphs. Iglesias's responses to the City's three *Daubert* motions are 44 pages for the Tiderington response (Dkt. 268), 43 pages for the Finnell response (Dkt. 269), and 47 pages for the Steblay response (Dkt. 270).

6. As this Court is aware, Plaintiff has previously proposed that both parties agree not to waste time on motions for summary judgment. Defendants refused, necessitating the lengthy briefing on Defendants' motions for summary judgment, and Plaintiff's cross-motion.

7. In order to ensure that there is a fully developed record at summary judgment and that arguments are developed in a manner that assists the Court in efficiently resolving the pending motions, Iglesias hereby seeks leave to file the above excess-length briefs.

WHEREFORE, Plaintiff respectfully requests leave for an enlargement of the page limitations, as follows:

a) A consolidated response in opposition to Defendants' motions for summary judgment of 188 pages, along with 550 paragraphs of supporting statements of

fact;

b) *Daubert* responses to the City's motion to bar the expert opinions of Tiderington, Finnell and Steblay of, respectively, 44 pages, 43 pages, and 47 pages.

RESPECTFULLY SUBMITTED,

**GERALDO IGLESIAS**

By: /s/ Anand Swaminathan
*One of Plaintiff's Attorneys*

Jon Loevy
Anand Swaminathan
Steve Art
Ruth Brown
Rachel Brady
Sean Starr
Wallace Hilke
Meg Gould
**LOEVY & LOEVY**
311 N. Aberdeen Street
Chicago, IL 60607
(312) 243-5900
anand@loevy.com