IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GERALDO IGLESIAS, ) | |
| ) | Case No. 19 CV 06508 |
| Plaintiff, ) | |
| ) | Hon. Franklin U. Valderrama |
| ) | |
| vs. ) | |
| ) | Magistrate Judge Maria Valdez |
| ) | |
| REYNALDO GUEVARA, ERNEST ) | |
| HALVORSEN, STEVE GAWRYS, ANTHONY ) | |
| RICCIO, ROBERT BIEBEL, and the CITY OF ) | |
| CHICAGO, ) | |
| Defendants. ) | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S OMNIBUS MOTION
FOR LEAVE TO FILE EXCESS PAGES**

Defendants Reynaldo Guevara, Anthony Riccio, Robert Biebel, Stephen Gawrys, JoAnn Halvorsen, as Special Representative of Ernest Halvorsen (deceased), and the City of Chicago (collectively "Defendants"), by their undersigned attorneys, respond in opposition to Plaintiff's omnibus motion for leave to file excess pages, (Dkt. 279), and state:

**INTRODUCTION**

Plaintiff's "omnibus" Response and additional statement of facts ("SOFs") is not intended to efficiently resolve the Defendant Officer's *partial* Motion for Summary Judgment ("MSJ") or the City's MSJ. It is a sleight of hand to deploy a Response *twice* the size of the Defendant Officers' MSJ and more than *two and half times* the size of their SOFs, which is even more interesting because Plaintiff does not genuinely dispute much of the Defendant Officers' SOFs. This is contrary to the spirit of the local rules, so this Court should exercise its discretion, strike Plaintiff's pleadings, and permit Plaintiff to file an enlarged response and SOFs that are aligned with Defendants' filings.

## LAW

The requirements for submitting materials in opposition to a motion for summary judgment set forth in Local Rule 56.1 provides that "an opposing party's LR 56.1(b)(3) statement of additional facts must not exceed 40 numbered paragraphs. A party must seek the court's permission before exceeding these limits." Local Rule 56.1 "aims to make summary-judgment decision-making manageable for courts." *Kreg Therapeutics, Inc. v. VitalGo, Inc.*, 919 F.3d 405, 415 (7th Cir. 2019). "The purpose of the 56.1 statement is to identify for the Court the evidence supporting a party's factual assertions in an organized manner[;] it is not intended as a forum for factual or legal argument." *Malec v. Sanford*, 191 F.R.D. 581, 585 (N.D. Ill. 2000).

The rule requires the moving party to file a statement of facts demonstrating its entitlement to judgment as a matter of law. *Petty v. City of Chi.*, 754 F.3d 416, 420 (7th Cir. 2014); LR 56.1(a)(2). The nonmoving party must file a response to that statement of facts and may provide a separate statement of additional facts. *Petty*, 754 F.3d at 420; LR 56.1(b)(2)–(3). Both must consist of concise numbered paragraphs supported by citations to specific pages in the evidentiary record. *See* LR 56.1(d)(1)–(2). "An opposing party's LR 56.1(b)(3) statement of additional facts must not exceed 40 numbered paragraphs," and a party must seek the court's permission before exceeding that limit. LR 56.1(d)(5).

The Seventh Circuit has repeatedly held that district courts are within its discretion to enforce strict compliance with the requirements of Local Rule 56.1. *See Slabon v. Sanchez*, 2023 WL 3451274, at *2 (7th Cir. 2023). To that end, this Court's standing order makes clear that "Failure to abide by the Local Rules may result in the Court striking briefs, disregarding statements of fact, deeming statements of fact admitted, and denying summary judgment."

2

(Court's Standing Order on Summary Judgment Practice (citing *Buttron v. Sheehan*, No. 00 C 4451, 2003 WL 21801222 (N. D. Ill. Aug. 4, 2003)).

## DISCUSSION

Here, Plaintiff filed an omnibus motion "for leave to file excess pages" requesting leave to file a 188-page Response to Defendants' Motion for Summary Judgment ("Response") and 550 paragraphs of facts ("SOFs"). In addition, he also requested leave to file 134 pages in response to the City's three *Daubert* motions.

Upon further review of Plaintiff's SOFs, he is actually requesting 638 SOFs, not 550, as he has approximately 89 sub-paragraphs. 319 SOFs are against the Defendant Officers (20 subparagraphs), while the remaining 319 SOFs are against the City (69 subparagraphs). This is ***two and a half times*** more than the Defendant Officers' 126 SOFs and about the same number of SOFs compared to the City's 320 SOFs.

Conversely, his combined Response to Defendants' MSJ is more than one-third larger than Defendants' when totaling it all up. But breaking it down again, his Response against the Defendant Officers is approximately 103 pages long. This is ***two times*** larger than Defendants' motion. And his response to the City's three *Daubert* motions is just under one-third larger than the City's motions.

To be sure, Defendants do not dispute that this is a complex case. After all, they filed their own motions for excess pages and SOFs. (Def. Officers Mtn., Dkt. 240; City Def. Mtn., Dkt. 242), as Plaintiff readily points out. (Dkt. 279, ¶ 1.) But experience demonstrates Plaintiff's request is not intended to provide a concise response to Defendants MSJ. Indeed, the evidence shows otherwise.

3

A cursory review shows Plaintiff does not dispute 32 of the Defendant Officers' 126 SOFs,[1] while he also does not dispute—just adds clarifications or objections to materiality—to 18 more SOFs.[2] Further, approximately 40 of the Defendant Officers' SOFs—dealing with the criminal trial and deposition testimony of witnesses and Defendants—Plaintiff objects to based on hearsay, but does not dispute "that [the witness] so testified." Rather, he disputes "the substance of the" testimony.[3] In other words, it appears Plaintiff does not dispute that Witness A said, "X" under oath, he just does not like what the witness said. That brings it to a grand total of 50 (or 90 if including the later 40 SOFs discussed) of the 126 Defendant Officers SOFs that Plaintiff does not genuinely dispute (again, upon a cursory review).

Considering this reality, it is unnecessary for Plaintiff to file more than 300 additional facts to respond to the Defendant Officers, nor is it necessary to file two times the number of pages for his Response when factoring in this is a ***partial*** MSJ. The same goes for his Response and SOFs levied against the City.

All said, Defendants appreciate there are bad facts and unwinnable arguments at MSJ, so they conceded those issues and presented this Court with a concise MSJ considering the complexity of this case. Plaintiff did not take a similar approach; instead, he filed his massive Response and SOF in a transparent attempt to leverage Defendants' and this Court's limited resources by throwing the kitchen sink at it with loads of irrelevant and unmaterial information in hopes they resign in exasperation.

---

[1] Pl. Resp. to Defs. SOFs, Dkt. 276, ¶¶ 1–3, 5–9, 21–24, 29, 35, 46–47, 49, 51, 54, 57–58, 60, 77, 95, 97–99, 104, 106, 107, and 116.
[2] Pl. Resp. to Defs. SOF, Dkt. 276, ¶¶ 12, 17, 20, 43, 50, 52, 55, 114. 117–18, 120–26.
[3] Pl. Resp. to Defs. SOF, Dkt. 276, ¶¶ 62–73, 74, 75–76, 78–94, 100, 102, 103.

This Court, however, can preserve its judicial economy by entering an order that permits Plaintiff to file an enlarged response and SOFs that appreciates the complexity of this case and are aligned with Defendants' filings and in accordance with the spirit of the local rules. Accordingly, Defendants request that Plaintiff's filings be stricken, and the Court impose the following limits:

a. A consolidated response in opposition to Defendants' motions for summary judgment, along with 95 paragraphs of supporting statements of fact against the Defendant Officers (75% of the 126 SOFs submitted by the Defendant Officers) and 240 paragraphs of supporting statements of fact against Defendant City (75% of the 320 SOFs submitted by the City); and

b. *Daubert* responses to the City's motion to bar the expert opinions of Tiderington, Finnell, and Steblay of, respectively, XX pages, XX pages, and XX pages;

Alternatively, to the extent the Court permits Plaintiff's filings to stand, Defendants respectfully request an additional thirty days to file responsive pleadings, up to and including May 27, 2024, as this will allow Defendants the time to adequately respond to Plaintiff's filings.

Dated: April 2, 2024

/s/ Kyle T. Christie
KYLE T. CHRISTIE, Atty No. 6335693
*One of the Attorneys for Defendant Halvorsen, Gawrys, Riccio, and Biebel*

James G. Sotos
Josh M. Engquist
Jeffrey R. Kivetz
David A. Brueggen.
Carson W. Canonie
Kyle T. Christie
**THE SOTOS LAW FIRM, P.C.**
141 W. Jackson Blvd, Suite 1240A
Chicago, IL 60604

Respectfully submitted

/s/ Eileen E. Rosen
EILEEN E. ROSEN
*One of the Attorneys for City of Chicago*

Eileen E. Rosen
Austin G. Rahe
Catherine M. Barber
Theresa B. Carney
Rock Fusco & Connelly, LLC
333 West Wacker Drive, 19th Floor
Chicago, IL 60606
Tel: (312)494-1000
erosen@rfclaw.com

Tel: (630)735-3300
kchristie@jsotoslaw.com

s/ *Thomas M. Leinenweber*
THOMAS M. LEINENWEBER
*Counsel for Defendant Guevara*

Thomas M. Leinenweber
Michael J. Schalka
Kevin Zibolski
Gabrielle R. Sanosnetti
Leinenweber Baroni & Daffada, LLC
120 N. LaSalle St., Suite 2000
Chicago, IL 60602
(312) 663-3003
thomas@ilesq.com
mjs@ilesq.com
kevin@ilesq.com
gabrielle@iseq.com

**CERTIFICATE OF SERVICE**

I, Kyle T. Christie, an attorney, certify that on **April 2, 2024,** I electronically filed the foregoing **Defendants' Response in Opposition to Plaintiff's Omnibus Motion for Leave to File Excess Pages** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants.

| | |
|---|---|
| ***Attorneys for Plaintiff:*** | **Attorneys for Reynaldo Guevara** |
| Jonathan I. Loevy | Thomas M. Leinenweber |
| Anand Swaminathan | Michael J. Schalka |
| Arthur R. Loevy | Kevin Zibolski |
| Joshua A. Tepfer | Gabrielle R. Sansonetti |
| Rachel E. Brady | Leinenweber Baroni & Daffada LLC |
| Sean Starr | 120 N. LaSalle Street, Suite 2000 |
| Steve E. Art | Chicago, IL 60602 |
| Isabella Aguilar | (847)251-4091 |
| Meg Gould | thomas@ilesq.com |
| Ruth Brown | mjs@ilesq.com |
| Loevy & Loevy | kevin@ilesq.com |
| 311 N. Aberdeen, 3rd Floor | gabrielle@ilesq.com |
| Chicago, IL 60606 | |
| (312)243-5900 | |
| jon@loevy.com | |
| anand@loevy.com | |
| Arthur@loevy.com | |
| josh@loevy.com | |
| brady@loevy.com | |
| sean@loevy.com | |
| steve@loevy.com | |
| aguilar@loevy.com | |
| gould@loevy.com | |
| ruth@loevy.com | |

**Attorneys for City of Chicago**
Eileen E. Rosen
Catherine M. Barber
Theresa B. Carney
Austin G. Rahe
Rock Fusco & Connelly, LLC
333 W. Wacker Drive, 19th Floor
Chicago, IL 60606
(312)474-1000
erosen@rfclaw.com
cbarber@rfclaw.com        /s/Kyle T. Christie
tcarney@rfclaw.com         Kyle T. Christie
arahe@rfclaw.com